UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

"IN ADMIRALTY"

HALF HITCH MARINE SERVICES, INC.,

    Plaintiff,

W.J. DEVELOPMENT CORPORATION,
etc.,

    Intervenor Plaintiff,

v.                                    CASE NO. 3:11-cv-1026-J-37JBT

M/V "KONO," etc., *in rem*,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Intervenor Plaintiff Bob Freudenberger's Unopposed Motion to Intervene ("the Motion to Intervene") (Doc. 28) and the Motion of Intervenor Plaintiff for Order Directing Clerk to Issue a Release of Arrest of Vessel and Dismiss All Actions Taken by Half Hitch Marine Service and W.J. Development Corporation and Re-Arrest the Vessel (*In Rem*) for Mr. Bob Freudenberger ("the Motion to Release the Vessel") (Doc. 29).

Both of the subject motions were filed by Thomas Borheck, a non-attorney, purporting to represent Bob Freudenberger.  (Docs. 28 & 29.)  According to the motions, Mr. Freudenberger is the owner of the subject vessel.  (Docs. 28 & 29.)  The Motion to Release the Vessel states that "Bob Freudenberger [is] represented by Mr. Thomas Borheck with Power of Attorney in Fact (agent) pursuant to Local

Admiralty Rule B (2) & A (5)."  (Doc. 29 at 1.)  Neither of the motions are verified.

Plaintiff and Intervenor Plaintiff filed a joint response in opposition to the Motion to Intervene ("the Opposition"), in which they request that the subject motions be stricken and that "Mr. Freudenberger be required to properly and in accordance with admiralty law and the rules of this Court submit his claim and answer to the complaint and intervenor complaint in this action."  (Doc. 32 at 3.)

For the reasons stated herein, both of the subject motions will be **STRICKEN without prejudice** to the filing of a verified claim to the subject vessel, and answers to the Verified Complaint (Doc. 1) and the Intervening Verified Complaint *In Rem* (Doc. 16) (collectively, "the Complaints").[1]  In light of Mr. Freudenberger's *pro se* status,[2] the Court will extend the time for filing the appropriate papers, as discussed in detail below.

In order for Mr. Borheck, Mr. Freudenberger, or any other person to defend this action, a verified claim to, or statement of interest in, the subject vessel must first be filed.  *See Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1110 (5th Cir. 1985) ("The vessel owner's right to file an answer is predicated upon the filing of the claim of owner pursuant to Supplemental Rule C(6).").  Any such claim

---

[1] Pursuant to Local Admiralty Rule 7.03(g), "[c]oincident with the filing of a [verified claim to the subject vessel], the claimant may also file a motion and proposed order directing plaintiff to show cause why the arrest should not be vacated."

[2] As Mr. Freudenberger appears to be proceeding *pro se*, i.e., representing himself without an attorney, the Court will enter a separate order advising him of some of the procedural rules he must comply with.

must "describe the interest in the property that supports the person's demand for its restitution or right to defend the action." Supplemental Rule C(6)(a). Moreover, any such claim must be "verified on oath or solemn affirmation by a party, or an officer of a corporate party." Local Admiralty Rule 7.01(e); *see also* Supplemental Rule C(6). Verification of a claim to the subject vessel may be accomplished by attaching to the claim a notarized statement that all representations included in the claim are true.

In addition, it appears improper for Mr. Borheck, or any other non-attorney, to file any papers with this Court on Mr. Freudenberger's behalf. Although Supplemental Rule C(6) contemplates an "agent, bailee, or attorney" filing a verified claim to property on behalf of another, neither that Rule nor any other law that the Court is aware of authorizes a non-attorney to represent another individual in the present circumstances.

Local Admiralty Rule 7.01(e) provides in relevant part:

> <u>If a party or corporate officer is not within the district</u>, verification of a complaint, claim and/or answers to interrogatories may be made by an agent, an attorney-in-fact, or the attorney of record. Such person shall state briefly the source of his knowledge, or information and belief, and shall declare that the document affirmed is true to the best knowledge, and/or information and belief. Additionally, such person shall state that he is authorized to make this representation on behalf of the party or corporate officer, and shall indicate why verification is not made by a party or a corporate officer. Such verification will be deemed to have been made by the party to whom the document might apply as if verified personally.

Local Admiralty Rule 7.01(e) (emphasis added). As the Opposition points out, it

appears that Mr. Freudenberger lives in St. Augustine, Florida, which is in this District. (*See* Doc. 29 at 3.) For this reason alone, the above quoted portion of Local Admiralty Rule 7.01(e) does not apply. Furthermore, regardless of whether Mr. Freudenberger is within this District, Local Admiralty Rule 7.01(e) does not allow a non-attorney to represent another individual in a proceeding before this Court. It merely allows for the required verification of the claim to be made by someone other than the interested party.

Given this law and Mr. Freudenberger's apparent presence in this District, he should personally verify and file any claim to the subject vessel he may have. If for some reason, he is unavailable to do so, Mr. Borheck or any other person claiming the authority to file a claim on Mr. Freudenberger's behalf must file a verified claim to the subject vessel, as discussed above, and must include in that verified claim a statement of his authority to do so. *See* Supplemental Rule C(6).

As no verified claim to the subject vessel has been filed at this point, the subject motions are improper and due to be stricken.[3] They will be stricken, however, without prejudice to the filing of a verified claim to the subject vessel, and answers to the Complaints. The Court will extend the time for filing a verified claim

---

[3] The subject motions are improper for the additional reason that neither of them contain a statement, pursuant to Local Rule 3.01(g). Further, the Motion to Intervene was designated as "unopposed" (Doc. 28 at 1) when Plaintiff and Intervenor Plaintiff did in fact oppose the Motion and Mr. Freudenberger had not conferred with them as required by the above Rule (Doc. 32). In a separate order entered this same date, the Court will instruct Plaintiff on Local Rule 3.01(g) and other rules and procedures.

to the subject vessel until April 9, 2012. *See* Supplemental Rule C(6); Local Admiralty Rule 7.03(f)(1). As discussed above, it appears Mr. Freudenberger should personally verify and file any claim to the subject vessel he may have.

Within twenty-one days of the filing of any verified claim to the subject vessel by Mr. Freudenberger, he must also file answers to the Complaints. *See* Supplemental Rule C(6); Local Admiralty Rule 7.03(f)(2). Such answers filed by Mr. Freudenberger must "state in short and plain terms [his] defenses to each claim asserted against [him]," and "admit or deny the allegations asserted against [him] by an opposing party." FED. R. CIV. P. 8(b)(1).

Accordingly, it is **ORDERED**:

1.  The Motion to Intervene (**Doc. 28**) and the Motion to Release the Vessel (**Doc. 29**) are hereby **STRICKEN without prejudice** to the filing of a verified claim to the subject vessel, and answers to the Complaints.[4]

2.  **On or before April 9, 2012**, Mr. Freudenberger must file a verified claim, asserting any claim to or statement of interest in the subject vessel he may have. *See* Supplemental Rule C(6); Local Admiralty Rule 7.03(f)(1). As discussed above, it appears Mr. Freudenberger should personally verify and file any claim to the subject vessel he may have. However, if for some reason, he is unavailable to personally verify and file his claim, Mr. Borheck or any other person claiming the

---

[4] *See supra* note 1.

authority to file a claim on Mr. Freudenberger's behalf must file a verified claim **by that same deadline**, and must include in that verified claim a statement of his authority to do so. See Supplemental Rule C(6).

    3.    **On or before April 30, 2012**, Mr. Freudenberger must file answers to the Complaints. See Supplemental Rule C(6); Local Admiralty Rule 7.03(f)(2).

**DONE AND ORDERED** at Jacksonville, Florida, on March 16, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Bob Freudenberger
244 Bluebird Lane
St. Augustine, FL 32080

Thomas Borheck
1093 A1A Beach Blvd., #141
St. Augustine, FL 32080